UNITED STATES OF AMERICA
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY KONYN,

       Plaintiff(s),

v.                                            Case No.  2:11-cv-51

LAKE SUPERIOR & ISHPEMING               HON. GORDON J. QUIST
RAILROAD COMPANY,

       Defendant(s).

_____/

OPINION AND ORDER

On January 31, 2012, plaintiff filed a motion for protective order relative to settlement discussions with Vanenkevort Tug & Barge, Inc. (docket #52).  On February 3, 2012, defendant filed its response to plaintiff's motion for protective order (docket #59).  Oral arguments were presented to the court on February 3, 2012.  For the reasons stated on the record and as set forth below, plaintiff's motion is granted in part and denied in part.

Defendant seeks discovery of settlement discussions between plaintiff and his employer, the "empty-chair"[1] non-party Vanenkevort Tug and Barge, Inc.  The Sixth Circuit decision in *Goodyear Tire & Rubber Company v. Chiles Power Supply, Inc.,* 332 F. 3d 976 (6th Cir. 2003) provides substantial guidance on the question presented.  Defendant will not be permitted to discover any information protected by the attorney client privilege or the spousal

_____

[1]See MCL 600.2957

privilege.[2]  Conversations between plaintiff or plaintiff's counsel and Vanenkevort regarding negotiation of a settlement of claims plaintiff may have against Vanenkevort are protected from disclosure.  See *Goodyear Tire; Grant, Konvalinka & Harrison v. USA,* 2008 WL 4865571 (E.D. Tenn.).  See also *Software Tree, LLC v. Red Hat, Inc., et al,* 2010 WL 2788202 (E.D. Tex.), copies of which are attached.

Plaintiff is under a continuing duty to notify defendant if a settlement agreement is reached with Vanenkevort.  Thereafter, defendant will be permitted to seek an order from this court seeking production of the agreement.  For the foregoing reasons, plaintiff's motion for protective order relative to settlement discussions with Vanenkevort Tug & Barge, Inc., docket #52, is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated: February 3, 2012                                  /s/ TIMOTHY P. GREELEY
                                                          TIMOTHY P. GREELEY
                                                          UNITED STATES MAGISTRATE JUDGE

---

[2]Defense counsel indicated at the oral argument he was not seeking to discover such information.